# PORTO RICO
# FEDERAL REPORTS

LUIS GAROFOLO, Plff.,

*v.*

CITY OF RIO PIEDRAS, Dft.

San Juan, Law, No. 1035.

ON MOTION FOR DIRECTION OF VERDICT.

Direction of Verdict.

    1. A motion to direct a verdict at the close of plaintiff's case will be denied where, from the evidence adduced, plaintiff has established a prima facie case.

Damages.

    2. Plaintiff offered evidence to prove a disbursement of $150 and loss of profits. Evidence as to the latter element of damage tended to show that the usual profit of a building contractor is 10 per cent of the contract price. It is for the jury to determine what would have been a reasonable profit had the contract been performed.

Municipality—Right to Build Hospital.

    3. A municipality of Porto Rico may build a hospital without the consent of the Commissioner of the Interior if it has the necessary funds to do so.

---

  NOTE.—As to building contractor's right to recover lost profits on breach of contract, see note in 53 L.R.A. 66.
    VIII. Porto Rico—1.

Garofolo v. Rio Piedras.

**Municipal Ordinance—Part of Contract.**
   4. A municipal ordinance referred to and made a part of a building contract is to be given the same consideration as any clause in the contract itself.

**Contract—Interpretation.**
   5. If the ordinance in evidence is the one referred to in the contract, the plaintiff cannot recover from the municipality until the latter gets the money from the insular government, as provided in such ordinance.

**Burden of Proof.**
   6. Plaintiff has the burden of showing which was the ordinance incorporated in his contract by reference, and, if he does not show this, he cannot recover.

Opinion filed May 5, 1915.

Mr. *H. R. Francis* for plaintiff.

Messrs. *Jose de Diego* and *Frank Martinez* for defendant.

HAMILTON, Judge, delivered the following opinion:

A motion is made to direct a verdict or otherwise take the case from the jury, on the ground that the plaintiff has failed to make out an essential element of his case, to wit, that a loan had been secured from the insular government. The defendant relies upon several statements in the contract itself relative to the supervision of the Commissioner of the Interior and the presence of his agent at some meetings of the officials connected with this contract, and also upon art. 30 of the contract: "Duty of the Contractor.—The contractor is also under the obligation to comply with all the obligations imposed upon him by the ordinance

Garofolo v. Rio Piedras.

adopted by the municipal council on the 3d of September ultimo relative to the loan for the work in question."

1. It is insisted in the first place that the city had the right to make a contract for a hospital, and to pay for it out of its own current funds. It is contended that that was not done in this particular case, but the right to do so is conceded.

2. In the second place, the recitals about the representation of the Commissioner of the Interior and the reference to, the Commissioner of the Interior do not prove anything in regard to a loan. It might very well have been, and the natural construction of this clause is, that the city wanted the work done according to some general regulations prescribed by the Commissioner of the Interior as to material or other things connected with the plans. That would be the natural construction of that portion of the contract, so that, so far as that is concerned, it does not appear that the contractor has failed to do anything that was incumbent upon him.

3. In the third place, the contractor being under the obligation to comply with the conditions imposed upon him by the ordinance as to loans, the court is unable to pass upon this because the ordinance is not in evidence, and the court is simply unable to assume that this means that the city was not going to pay for the contract unless it borrowed the money from the insular government. Of course that might have been what the ordinance was. I do not know anything about that, but it cannot be assumed. It would rather be implied the other way. The contractor is under the obligation to comply with the conditions imposed upon him. The natural inference as to a loan from some other source would be some obligation imposed, not upon the contractor, but upon the person borrowing; that is to

say, the city. At all events, that particular clause at present
without the ordinance being annexed is so obscure that the court
cannot pass upon it one way or the other, so that it would
seem that the motion must be refused at this point. I do not
know what may happen at the end of the evidence. The motion
is therefore refused. The defendant will proceed with its evi-
dence.

HAMILTON, Judge:

Gentlemen of the jury: This is a suit brought by the plain-
tiff, Luis Garofolo, who is a subject of the King of Italy, against
the defendant, the city of Rio Piedras, a municipal corporation
of Porto Rico, and is a suit upon a certain paper alleged to be
a contract, dated in October, 1913. There are several dates to
it, the date of the meeting and the date of the approval by the
mayor, etc., but there is only one contract of October, 1913.
This contract is one for the construction by the plaintiff of a
municipal hospital for the city of Rio Piedras, for which the
city was to pay in certain instalments as the work progressed
the sum of $154,900.

The contention of the plaintiff is that he has been ready and
willing at all times to carry out his contract, but that he has
been prevented from doing so by the city of Rio Piedras.

The defense to this suit is twofold. In the first place, the city
of Rio Piedras says that it never entered into a binding con-
tract. That what it did was to agree to have this hospital put
up on certain terms in accordance with a certain resolution or
ordinance of September, and that it provided that the city of
Rio Piedras had to get the money from the Insular Government,

Garofolo v. Rio Piedras.

and they never did get the money from the Insular Government, that is, under this original arrangement, and that therefore it was prevented from carrying out what it otherwise would have carried out. In other words, that the alleged contract of October, 1913, never was a perfect contract, and, of course, if it was not a perfect contract, there could be no violation of it. That is the first ground of defense. The second ground of defense is that, even if it ever was to be considered a perfect contract, it had been set aside by the action of the parties and a new agreement substituted for it. Those are the two defenses.

In reply to this second allegation, the plaintiff says that there never was a second contract entered into. He says about the second contract just about what the defendant says about the first one, that it never was completed. That it was to have been approved by the Commissioner of the Interior and that it was not approved by him until after the commencement of this suit; in other words, as far as we are concerned, it was not approved at all.

It is a little difficult to define the relative fields for yourselves and for myself. The general rule is that the construction of a written instrument is for the court on the idea which is supposed to be correct, although of course it is not necessarily, that one whose mind is trained in a certain direction with respect to legal propositions is more versed in the meaning of a contract than a jury taken from all classes of business. I shall try not to overstep my part of the duty, and leave yours to you.

Just to get out of the way the simpler part of the case, let us state it this way. Here is a suit for breach of contract. The details making up that will be taken up separately, but it is just like the breach of any other contract so far as the principle

is concerned. If the contract has been broken by the defendant, the plaintiff is entitled to the damages that he has suffered from the breach of the contract.

I will take up first the matter of damages, because it is a much smaller subject, and will not take nearly so much time. If the plaintiff is entitled to recover anything, he is entitled to recover, of course, not the whole $14,900. He does not claim that. He claims $6,785.50. That is the outside of what you could allow him if you allow him anything, and it does not follow that you, in any event, are to allow him that much. You are to allow him, if anything at all, simply what he has proved before you has been his loss in the matter. There are two or three things which may be mentioned as within that loss. It is undisputed, I believe, that he put up certain sheds at a cost of $150. Possibly he had some material there. More particularly perhaps you would rely upon his profits. He has had witnesses here to prove that a contractor sometimes makes 20 per cent on the contract. Of course, if that were so it would be a matter of easy figuring to take the amount of $14,900 and get 20 per cent of it. That is to say, that would be the outside, but it is for you to judge under the evidence whether contractors always get 20 per cent; whether they, under this evidence, sometimes get less than that; whether sometimes they make no profit at all. All that is matter for you to determine upon the evidence that has been brought before you. So that the most that the damages would amount to under the evidence would be the value of the shed, the value of any material that he got and was prevented from using elsewhere, if there is any evidence on that point, the time that he lost,—there is evidence that he lost time on this from other employment,—and whatever is the reason-

able amount of his profits, not necessarily 20 per cent, but what on the evidence would be the reasonable profits. That would be the extent of his damages.

He is not entitled to any damages unless he has proven that he had a contract that was broken. What is this case in regard to that, so far as the law is concerned? It seems that in October, 1913, a certain paper was drawn up between the city of Rio Piedras and the plaintiff by which the plaintiff was to put up a certain municipal hospital and the defendant, the city of Rio Piedras, was to pay for it not exceeding $14,900.

One of the principal questions in this case is, Was that an absolute contract between the parties? The plaintiff argues that the law permits the city of Rio Piedras to contract for the erection of a hospital, that it does not have to get the money from the Insular Government or from anybody else, and I charge you that that is true. The city of Rio Piedras, if it had $14,900 in its treasury from any source which it could use, would be entitled to employ Mr. Garofolo or Mr. Smith or anybody else to put up a municipal hospital, and not say anything to the Commissioner of the Interior. It has that right under its general powers as a corporation, but the point for you to determine in this case is not that; not whether it has that abstract right, but whether the contract that it made was under that power or whether this contract that was actually made refers to and makes a part of itself another thing entirely. You can see that the city of Rio Piedras might have made a contract absolutely.

What the city of Rio Piedras did, and what is really the rule in the case, is this: It made a contract, and every now and then, as you will see, it refers to the Commissioner of the Interior, and in art. 30 it says this: "The contractor is also under

the obligation to comply with all the conditions imposed upon him by the ordinance adopted by the municipal council on the 3d day of September ultimo relative to the loan for the work in question." That is just as much a part of this contract as the agreement somewhere else to pay $14,900. You cannot omit art. 30 any more than you can omit any other part of this contract. It was what was agreed on and signed between the parties. Now the problem for us—I say us because it being a written instrument, I have something to say on the subject as well as yourselves—is, What is the meaning of that art. 30 ? Is that a reference to an ordinance which says that the gutters must be made out of galvanized iron or something in connection with the building, something that is to be done by the contractor, or is it something which goes further than that? Is it something that refers to where the contractor is to get his money? The difficulty consists in this, that it is not at all clear. The reference is to a certain ordinance. That makes that ordinance a part of this contract. We have got that far. Now what is that ordinance?

An ordinance testified to, as I recollect it, as the only one of that date, and so it is for you to say whether it is the one referred to or not, the only one before you of that date, at all events, is one on a printed form headed, "Municipal Temporary Loan Ordinance." An ordinance providing for a temporary advance or loan from the people of Porto Rico to the municipality of Rio Piedras in the amount of $20,000 for the purpose of making certain specified public improvements. And it goes on to say: "Whereas the financial condition of the municipality of Rio Piedras, Porto Rico, is such that in order to make certain public improvements hereinafter fully set forth and to provide

for expenditures authorized by law, it becomes necessary for the municipality to avail itself of certain acts," etc., giving different acts, one of which is an act of February 19, 1913, "An Act to Provide for the Contracting of Indebtedness, the Borrowing of Money, and the Issuing of Bonds by Municipal Corporations," etc.

Whereas, the aggregate tax valuation of the taxable property within the municipal district of Rio Piedras is so much, a loan of the sum of $20,000 will not exceed the limits prescribed by the act;

Now, therefore, be it ordained by the municipal council of Rio Piedras that the mayor and the secretary of the said municipality be and are hereby authorized, empowered, and directed to borrow from the people of Porto Rico the sum of $20,000, to be repaid in a certain way.

Said amount, when obtained, shall be devoted solely and exclusively to the following purposes: To make the following public improvements, for the purchase of land on which to construct a municipal hospital, $2,000; to provide for the construction of the hospital, $18,000; in all not to exceed $20,000. And then the rest of it is in the usual printed form providing how the interest shall be payable upon this loan. And in § 3, that all public improvements, the cost of which, in whole or in part, is to be met from the proceeds of this loan, shall be constructed in accordance with plans and specifications approved by the Commissioner of the Interior and the municipal corporation, and all contracts for the same shall be made for and on behalf of the municipality of Rio Piedras by the mayor, etc. Sec. 7. That on approval of this ordinance by the mayor, a certified copy shall be forwarded to the Executive Council of Porto Rico

for its approval. Sec. 8. When approved by the Executive
Council and the governor of Porto Rico, the record thereof in
English shall be the official record. Then comes the certificate
of the municipal secretary that this was passed at a meeting on
the 3d of September and approved by the mayor on the 4th of
September, and a certificate of the Secretary of the Executive
Council that the foregoing ordinance was approved by the
Executive Council of Porto Rico on the 4th of September, and
by the governor on the 6th of September, 1913.

It is for you to say, under the evidence, whether that is the
ordinance adopted by the municipal council on the 3d day of
September, referred to in the contract. If that be so, this ordi-
nance is the one that is made a part of the contract, because
there is just one missing link supplied by the testimony of wit-
nesses, and you are to pass upon the testimony of witnesses; but
I do charge you that if you find that this ordinance is the one
that is referred to in this contract, that fact makes a part of
this contract all the provisions of this ordinance, and binds the
plaintiff to wait upon getting the money from the Insular Gov-
ernment, and unless that money is got, the defendant corporation
is not liable.

You see the issue is quite a narrow one. You are simply to
find that one fact, or rather you do not find it and bring it
in in the specific form, but in your deliberations, if you find that
this is the ordinance referred to, it practically means that the
defendant is not liable on this contract, because there is no evi-
dence that the defendant ever got that money from the insular
government. In fact the evidence is all the other way. So that
is practically the question for you upon that branch of the case.
The court charges you that it is a conditional contract in that

Garofolo v. Rio Piedras.

it refers to another ordinance, and the sole question for you to determine is whether that other ordinance is the one which is here. If so, the defendant is not liable because it depends upon getting the money from some other source, and that was a part of the contract, and the plaintiff knew that fact when signing the contract, just as well as the defendant did.

I do not know that it will be necessary to go further, but if this was not a conditional contract,—if this is not shown to have been the condition implied,—the same conclusion would follow. The plaintiff, Garofolo, has by his contract agreed to conform to all the regulations of a certain ordinance of the city of Rio Piedras. If this is the ordinance, he cannot recover. If this is not the ordinance, he has not shown what ordinance he was to conform to, and he has not shown that he was to conform, therefore, to any ordinance, so in that view of the case he could not recover.

There is still another possible view of the case. Suppose this was an absolute contract. It is not an absolute contract, but if it had been, the point would be for you to determine whether another contract was substituted for it. It is quite possible for you and me to make a contract, and then, for any reason that seems good to us, to go and change it for another one. So that, even if this had been a valid, unconditional contract, it might have been possible for the parties to substitute another for it.

It might be for you, under some circumstances, to say whether this other contract, which was put in evidence and which was not approved until after this suit was started, was actually substituted for the other one or not. But I charge you that that makes no difference in this case. This is on its very face a conditional contract, subject to the consideration of a certain ordi-

Garofolo v. Rio Piedras.

nance, so that it does not make any difference whether another contract was substituted for it or not. I mention it simply to get it out of the way. It is not before you, and you need not waste any time on that.

The simple question, therefore, for you to determine is whether this ordinance is the one referred to and made a part of the contract. If it is, you would have to find for the defendant. On the other hand, if you find that it is not, you would equally have to find for the defendant because he has not shown any ordinance that he did act on.

You will be given two forms of verdict, and you will select your foreman and sign them in the usual manner.

May 6, 1915.